UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE R. LEON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Jose R. Leon, residing at 859 West 47th Street, Miami Beach, Florida 33140, (305) 502-5673, by way of Complaint against Defendant United Airlines, Inc., alleges and says:

### FIRST COUNT
### (Identification of the Parties)

1.  Plaintiff Jose R. Leon ("Leon", "Employee" or "Plaintiff"), , worked for Defendant United Airlines, Inc. as a flight attendant from on or about November 20, 1994 until his wrongful termination on or about October 19, 2017.

2.  United Airlines, Inc. ("United", "Employer" or "Defendant"), a major United States airline, is the third-largest airline in the world, and each and every day flies into and out of Newark Liberty International Airport where Leon was based.

### Basis for Jurisdiction and Venue

3.  This Court has jurisdiction based upon diversity of citizenship under 28. U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000 exclusive of interest and costs. This Court also has jurisdiction under 28 U.S.C. §1331, the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§621 to 634, the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§12112 to 12117, and the Family and Medical Leave Act, 29 U.S.C. §2601

et seq. This Court has ancillary jurisdiction over Plaintiff's claims under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (the "NJLAD"), and any common law claims.

4. Venue is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## Background

5. Leon, age 50, has HIV and, therefore, is an individual with a disability under the ADA and the NJLAD and is in a protected class under the ADEA based upon his age.

6. Leon began his employment as a flight attendant with United on or about November 20, 1994.

7. United is an employer under the various statutes and claims asserted herein.

8. Throughout his almost 24 years of service, Leon was a stellar employee of United.

9. Leon's last position with United was that of a flight attendant based at Liberty International Airport in Newark, New Jersey.

10. On or about March 30, 2016, Leon called United's Service Center to report that he was sick and unable to report to work, requesting time off utilizing intermittent leave pursuant to the Family and Medical Leave Act ("FMLA").

11. Thereafter, on or about April 7, 2016, Leon sent an e-mail to Daniel King, Base Supervisor ("King") for United, indicating that Leon had been ill due to symptoms related to his disability.

12. King accused Leon of violating the "eight hour" rule which provides for at least eight hours' notice that an employee will be taking sick time prior to a scheduled flight for that employee.

13. The eight hour rule did not apply to Leon, however, because his symptoms were acute and he was already out on FMLA leave.

14. Despite properly being absent, on or about April 13, 2016 King placed Leon on paid suspension while the matter was being investigated by United.

15. By letter, dated May 3, 2016, Leon's doctor notified United that Leon was under his care during the period from March 30, 2016 through April 3, 2016 due to an exacerbation of Leon's documented FMLA condition.

16. Thereafter, United never gave Leon a copy of any reported findings and he was permitted back to work.

17. On or about May 5, 2016, Leon received from King a "Performance Letter of Charge" but, once again, he never received anything in writing concerning any discipline and he continued to remain a United employee.

18. On or about June 23, 2016 Leon, who resides in Florida, filed a Charge of Discrimination with the Florida Commission of Human Relations alleging, among other things, retaliation in violation of the Americans with Disabilities Act of 1990, as amended (the "ADA").

19. Leon takes certain medications for the treatment of his disability.

20. On or about June 23, 2017, Leon was subjected to a random drug test that allegedly resulted in a positive reading for certain prohibited drugs.

21. Throughout his twenty-nine (29) years working for two major airlines, Leon had been drug tested many times and never before had he failed a drug test.

22. Leon suspected that his drug test may have been positive for a banned substance as a result of his prescription medications for his disability or because he had flu-like symptoms while working for United and used over-the-counter medications purchased while travelling in Mexico.

23. Notwithstanding the above, United terminated Leon on or about October 19, 2017 with little or no further dialogue or interaction with him concerning his disability or a potential reasonable accommodation.

24. Upon information and belief, United fired Leon based upon, among other things, his age and replaced him with a significantly younger flight attendant.

25. Upon further information and belief, Leon was fired and retaliated against due to his disability and for having taken FMLA leave and was replaced by a non-disabled employee.

26. On or about October 19, 2017 Leon filed a Charge of Discrimination with the New Jersey Division on Civil Rights ("NJDCR") against United, alleging age and disability discrimination and retaliation and that Charge was cross-filed by the NJDCR with the United States Equal Employment Opportunity Commission (the "EEOC").

27. Leon also filed for unemployment which United opposed claiming he was terminated for violating its drug policy and that therefore it had good cause to terminate Leon for misconduct.

28. Leon was granted unemployment by the New Jersey Department of Labor and Workforce Development, finding that his discharge was not for misconduct connected with work, and that decision was affirmed by the Appeal Tribunal.

29. By letter, dated February 21, 2018, the EEOC notified Leon that he was issued a Right to Sue letter and that he had ninety (90) days from receipt of the letter to file suit in federal court.

### Cause for Action
### (Disability Discrimination)

30. Leon repeats and realleges all of the previous allegations as if same were fully set forth herein at length.

31. The aforesaid conduct of United by, inter alia, failing to engage in the interactive process with Leon, terminating him because of his disability and retaliating against him for taking a disability leave of absence constitutes, among other things, willful disability discrimination in violation of the Americans with Disabilities Act of 1990 as codified in 42 U.S.C. §12112 et seq. and the NJLAD.

32. As a direct and proximate result thereof, Leon has suffered substantial damages as well as emotional distress and mental anguish.

33. United's aforesaid conduct was willful, wanton, malicious and/or in reckless disregard of Leon's rights.

## SECOND COUNT
### (Retaliation for Taking FMLA Leave)

34. Leon repeats and realleges all of the previous allegations as if same were fully set forth herein at length.

35. Leon was retaliated against and fired because, inter alia, he exercised his rights by taking a medical leave of absence under the Family and Medical Leave Act.

36. As a direct and proximate result thereof, Leon suffered substantial damages as well as emotional distress and mental anguish.

37. The aforesaid intentional conduct of United was willful, wanton, malicious and/or in reckless disregard of Leon's rights.

## THIRD COUNT
### (Age Discrimination)

38. Leon repeats and realleges all of the previous allegations as if same were fully set forth herein at length.

39. A determinative factor in United's decision to fire Leon, age fifty (50), was his age in violation of the Age Discrimination in Employment Act of 1967, as amended, and the NJLAD.

40. Upon information and belief, Leon was replaced with another flight attendant under the age of forty (40) or someone substantially younger than him.

41. As a direct and proximate result of United's intentional age discrimination, Leon has suffered substantial damages as well as emotional distress and mental anguish.

42. The aforesaid intentional conduct of United was willful, wanton, malicious and/or in reckless disregard of Leon's rights.

WHEREFORE, Plaintiff Jose Leon demands judgment against Defendant United Airlines, Inc., as follows:

    A. Punitive damages;

B. Liquidated damages;

C. Damages;

D. Interest;

E. Reasonable attorneys' fees;

F. Costs of suit; and

G. Such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

Dated: May 21, 2018

By: _____
Plaintiff Jose Leon, Pro Se